MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
MARIA DE JESUS SILVA ARZOLA,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff*,

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

WEST D & P LLC (D/B/A GINA LA
FORNARINA), MANNA MADISON
AVENUE LLC  (D/B/A GINA MEXICANA),
PAOLA PEDRIGNANI, and IGOR SEGOTA,

**ECF Case**

*Defendants.*

-----------------------------------------------------X

Plaintiff Maria de Jesus Silva Arzola ("Plaintiff Silva" or "Ms. Silva"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against West D & P LLC (d/b/a Gina La Fornarina), Manna Madison Avenue LLC (d/b/a Gina Mexicana), ("Defendant Corporations"), Paola Pedrignani and  Igor Segota, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Silva is a former employee of Defendants West D & P LLC (d/b/a Gina La Fornarina), Manna Madison Avenue LLC (d/b/a Gina Mexicana), Paola Pedrignani, and Igor Segota.

2.      Defendants own, operate, or control an Italian and a Mexican restaurant, located at 2028 Broadway, New York, New York 10023 under the name "Gina La Fornarina" and at 26 East 91st Street, New York, New York 10128 under the name "Gina Mexicana".

3.      Upon information and belief, individual Defendants Paola Pedrignani and Igor Segota, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Silva was employed as a pastry and pasta maker and a cook at the restaurants located at 2028 Broadway, New York, New York 10023 (hereinafter "the Gina La Fornarina location") and 26 East 91st Street, New York, New York 10128 (hereinafter "the Gina Mexicana location").

5.      At all times relevant to this Complaint, Plaintiff Silva worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Silva appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further Defendants failed to pay Plaintiff Silva the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Silva wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Silva to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Silva and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Silva now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Silva seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Silva's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian and a Mexican restaurant located in this district. Further, Plaintiff Silva was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Maria de Jesus Silva Arzola ("Plaintiff Silva" or "Ms. Silva") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Silva was employed by Defendants at Gina La Fornarina and Gina Mexicana from approximately June 2013 until on or about October 31, 2015.

17.     Plaintiff Silva consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled an Italian and a Mexican restaurant, located at 2028 Broadway, New York, New York 10023 under the name "Gina La Fornarina" and at 26 East 91st Street, New York, New York 10128 under the name "Gina Mexicana".

19.     Upon information and belief, West D & P LLC (d/b/a Gina La Fornarina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2028 Broadway, New York, New York 10023.

20.     Upon information and belief, Manna Madison Avenue LLC (d/b/a Gina Mexicana) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 26 East 91st Street, New York, New York 10128.

21.     Defendant Paola Pedrignani is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paola Pedrignani is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Paola Pedrignani possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Silva, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Igor Segota is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Igor Segota is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Igor Segota possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Silva, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate an Italian and a Mexican restaurant located in the Upper West Side and Upper East Side sections of Manhattan in New York City.

24.     Individual Defendants, Paola Pedrignani and Igor Segota, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Silva's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Silva, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Silva (and all similarly situated employees) and are Plaintiff Silva's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Silva and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Paola Pedrignani and Igor Segota operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

> a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,
>
> b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,
>
> c)  transferring assets and debts freely as between all Defendants,
>
> d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Silva's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Silva, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Silva's services.

31.     In each year from 2013 to 2015, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Silva is a former employee of Defendants who was employed as a pastry and pasta maker and a cook.

34.     Plaintiff Silva seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria de Jesus Silva Arzola*

35.     Plaintiff Silva was employed by Defendants from approximately June 2013 until on or about October 31, 2015.

36.     Defendants employed Plaintiff Silva as a pasta and pastry maker at the Gina La Fornarina location and a cook at the Gina Mexicana location.

37.     Plaintiff Silva regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Silva's work duties required neither discretion nor independent judgment.

39.     Throughout her employment with Defendants, Plaintiff Silva regularly worked in excess of 40 hours per week.

40.     From approximately June 2013 until on or about February 2014, Plaintiff Silva worked at the Gina La Fornarina location as a pasta and pastry maker from approximately 8:00 a.m. until on or about 10:00 p.m., seven days a week (typically 98 hours per week).

41.     From approximately March 2014 until on or about June 2015, Plaintiff Silva worked at the Gina Mexicana location as a cook from approximately 5:00 a.m. until on or about 8:00 p.m., seven days a week (typically 105 to 127 hours per week).

42.     From approximately July 2015 until on or about October 31, 2015, Plaintiff Silva worked at the Gina Mexicana location as a cook from approximately 8:00 a.m. until on or about 11:00 p.m., seven days a week (typically 105 hours per week).

43.     Throughout her employment, Defendants paid Plaintiff Silva her wages by check.

44.     From approximately June 2013 until on or about September 2013, Defendants paid Plaintiff Silva $10.00 per hour.

45.     From approximately October 2013 until on or about February 2014, Defendants paid Plaintiff Silva $11.00 per hour.

46.     From approximately March 2014 until on or about October 31, 2015, Defendants paid Plaintiff Silva $13.00 per hour.

47.     For approximately her last week of employment and a couple of days of work, Defendants did not pay Plaintiff Silva any wages for her work, totaling $1,400.

48.     Plaintiff Silva's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

49.     For example, Defendants required Plaintiff Silva to work an additional three hours and fifteen minutes past her scheduled departure time everyday, and did not pay her for the additional time she worked.

50.     Although Defendants granted Plaintiff Silva a meal period throughout her employment, it was only for 15 minutes and it was constantly interrupted.

51.     Although Plaintiff Silva was required to keep track of her time, Defendants required her to record fewer hours than she actually worked; specifically, Defendants required Plaintiff Silva to sign out from work and continue working.

52.      As a result, Plaintiff Silva was not compensated for all of the hours that she worked.

53.     From approximately January 2015 until on or about October 2015, Defendants required Plaintiff Silva to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Silva regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not provide Plaintiff Silva an accurate statement of wages, as required by NYLL 195(3).

56.     In fact, Defendants adjusted Plaintiff Silva's paystubs so that they reflected inaccurate wages and hours worked.

57.     Defendants did not give any notice to Plaintiff Silva, in English and in Spanish (Plaintiff Silva's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Silva to purchase "tools of the trade" with her own funds—including a uniform, a pair of shoes, and an apron.

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Silva (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

60.     Plaintiff Silva was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

61.     Defendants' pay practices resulted in Plaintiff Silva not receiving payment for all her hours worked, and resulted in Plaintiff Silva's effective rate of pay falling below the required minimum wage rate.

62.     Defendants habitually required Plaintiff Silva to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

63.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Silva worked.

64.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65.     On a number of occasions, Defendants required Plaintiff Silva to sign a document the contents of which she was not allowed to review in detail.

66.     Defendants required Plaintiff Silva to sign a document that reflected inaccurate or false hours worked.

67.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Silva (and similarly situated individuals) worked, and to avoid paying Plaintiff Silva properly for her full hours worked.

69.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Silva and other similarly situated former workers.

71.     Defendants failed to provide Plaintiff Silva and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Silva and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.      Plaintiff Silva brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

74.     At all relevant times, Plaintiff Silva and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

75.     The claims of Plaintiff Silva stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

76.    Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff Silva's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Silva (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

78.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.    Defendants failed to pay Plaintiff Silva (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81.    Defendants' failure to pay Plaintiff Silva (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Silva (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83.    Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Silva (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Silva (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Silva (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

87.      Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Silva's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Silva, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

89.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Silva less than the minimum wage.

90.     Defendants' failure to pay Plaintiff Silva the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91.     Plaintiff Silva was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

92.        Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

93.        Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Silva overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.        Defendants' failure to pay Plaintiff Silva overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.        Plaintiff Silva was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

96.        Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

97.        Defendants failed to pay Plaintiff Silva one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Silva's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

98.        Defendants' failure to pay Plaintiff Silva an additional hour's pay for each day Plaintiff Silva's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

99.        Plaintiff Silva was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

100.     Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants failed to provide Plaintiff Silva with a written notice, in English and in Spanish (Plaintiff Silva's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

102.     Defendants are liable to Plaintiff Silva in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

103.     Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

104.     With each payment of wages, Defendants failed to provide Plaintiff Silva with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105.    Defendants are liable to Plaintiff Silva in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

106.     Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

107.     Defendants required Plaintiff Silva to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

108.    Plaintiff Silva was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

109.     Plaintiff Silva repeats and realleges all paragraphs above as though set forth fully herein.

110.     Defendants did not pay Plaintiff Silva on a regular weekly basis, in violation of NYLL §191.

111.    Defendants are liable to Plaintiff Silva in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Silva respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Silva and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Silva and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Silva's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Silva and the FLSA Class members;

(f)     Awarding Plaintiff Silva and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Silva and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Silva;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Silva;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Silva;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Silva;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Silva's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Silva;

(n)     Awarding Plaintiff Silva damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Silva damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Silva liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Silva and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Silva and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Silva demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 29, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
            Michael Faillace [MF-8436]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

April 15, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maria de Jesus Silva Arzola

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                15 de abril de 2019

*Certified as a minority-owned business in the State of New York*